# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cr. No. 18-10074-4-STA |
| DARRELL PHILLIPS, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION

Before the Court is Defendant Darrell Phillips' Notice of Appeal of the United States Magistrate Judge's order of detention (ECF No. 137) filed on September 6, 2018. On September 27, 2018, the Court held a bond review hearing. For the reasons set forth below, the Magistrate Judge's order of detention is **AFFIRMED**.

## BACKGROUND

On July 16, 2018, a grand jury sitting in the Western District of Tennessee returned an indictment against Phillips and eight co-Defendants, charging Phillips with one count of conspiring to distribute and possess with the intent to distribute cocaine, cocaine base, and marijuana, all in violation of 21 U.S.C. § 846; one count of aiding and abetting his co-Defendants in the distribution and the possession with the intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 841(a)(1); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] Phillips was taken into custody on August 1, 2018,

---

[1] The indictment was filed under seal, and the Court granted the government's motion to

1

and brought before the United States Magistrate Judge for a detention hearing. At the conclusion of the hearing, the Magistrate Judge ordered that Phillips be detained pending the outcome of the charges against him.

Phillips now seeks release on bond. Phillips relies on several facts to show that he is not a flight risk and poses no danger to any individual or the community. Defendant cites his personal ties to the Memphis area, his current employment with the Internal Revenue Service, and the fact that he turned himself into the authorities when he first learned of the federal indictment. The pretrial services officer initially recommended that the Court grant Phillips a $2,500 bond with standard conditions of release. And at the initial detention hearing, the Magistrate Judge heard testimony from FBI agent Wes Mays who had participated in the search of Defendant's residence. The only evidence seized from the search was a firearm, 5.6 grams of cocaine, and a digital scale.[2] Under all of the circumstances, Phillips argues that release on bond is appropriate in his case.

At the bond review hearing, the Court received evidence and heard additional arguments from counsel. The United States presented the testimony of FBI agent Mason McDowell. McDowell testified that agents had developed Phillips as a suspect in a West Tennessee drug trafficking ring and came to suspect that Phillips was supplying two other individuals, Natasha Spain and Brandon Wallace, both of whom are named as co-Defendants in the indictment against Phillips. Upon Defendant's arrest, the FBI searched his home at 1579 Crimpton Road in Memphis, Tennessee. Dogs which appeared to be pit bulls were tied to the front door of the house. The agents executing the search located Defendant in a second-story loft. The search of

---

unseal it on July 24, 2018.

[2] Phillips' Notice of Appeal (ECF No. 137) states that agents found 5.9 grams of cocaine. The testimony at the hearing before the Court showed that agents found slightly less, 5.6 grams of cocaine.

the residence uncovered 5.6 grams of cocaine, currency, a digital scale, marijuana, and a revolver with six rounds. Phillips gave a statement to the agents, admitting the firearm was his and that he was a long-time drug user. At the time of Phillips' arrest, Phillips was on bond pending the outcome of charges filed against him in state court on April 7, 2018. Agent McDowell testified on cross-examination that the state court dismissed the charges against Phillips on June 4, 2018.

The Court next received testimony from Phillips' mother, Julia Phillips. Mrs. Phillips testified that her son had worked at the IRS for over three years. Mrs. Phillips also testified that her son had received firearms training and a handgun permit, which was revoked when he was charged with robbery. At the conclusion of the hearing, the Court directed the pretrial services officer to contact Phillips' supervisor at the IRS to verify his employment status. On September 28, 2018, the pretrial services officer submitted a memorandum to the Court reporting her findings. The pretrial services officer verified that Phillips began his employment at the IRS on January 9, 2017, and is currently employed as a GS-4 mail clerk. Phillips' supervisor stated that Phillips had been absent without leave since August 5, 2018, and that the IRS had served him with notice of a proposed indefinite suspension on September 17, 2018, to take effect October 5, 2018. The IRS intends to hold Phillips in indefinite suspension until the criminal charges against him are resolved.

## STANDARD OF REVIEW

"The default position of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The United States Supreme Court has explained that

the Bail Reform Act "operates only on individuals who have been arrested for a specific category of extremely serious offenses," *United States v. Salerno*, 481 U.S. 739, 750 (1987), defined in 18 U.S.C. § 3142(f) to include a drug "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)" or "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(C) & (E). "Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest." *Salerno*, 481 U.S. at 751 (citing S.Rep. No. 98–225, at 6–7).

Section 3142(g) lists the relevant factors for making the determination that a defendant is a flight risk or is too dangerous for release on bail: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g). While "the government need only demonstrate the risk of flight by a preponderance of evidence," *United States v. Namer*, 238 F.3d 425 (6th Cir. 2000), a judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." § 3142(f)(2)(b). "[T]he government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946.

## **ANALYSIS**

Based on its *de novo* review of the Magistrate Judge's order, the testimony and evidence at both hearings, and the entire record of the proceedings, the Court agrees with the Magistrate Judge that detention is warranted in this case. As an initial matter, Phillips is charged with drug trafficking offenses, which carry a presumption in favor of detention. The nature of the charges

4

against Phillips creates a presumption in favor of detention, if there is probable cause to believe that Phillips committed the acts. *See* 18 U.S.C. § 3142(e)(3)(A) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."); *see also* § 3142(g)(1) (directing a judicial officers to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

The grand jury's indictment establishes probable cause to believe Phillips committed the drug trafficking charges alleged against him. "[C]ourts making bail determinations are stuck . . . with the grand jury's finding" of probable cause. *Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (restating that "an indictment returned by a proper grand jury 'conclusively determines the existence of probable cause'"). The grand jury has returned an indictment against Phillips charging him with conspiring with or aiding and abetting others in the distribution and possession with the intent to distribute cocaine, cocaine base, and marijuana in violation of the Controlled Substances Act. Phillips' charges carry a maximum penalty of 20 years' incarceration. 21 U.S.C. § 841(b)(1)(C)(ii). This suffices to trigger § 3142(e)(3)'s presumption that no condition or combination of conditions will reasonably assure Phillips' appearance and the safety of the community.

In the face of the presumption in favor of detention, Phillips has the burden to come forward with some evidence that he does not pose a danger to the community or a risk of flight.

5

*Stone*, 608 F.3d at 945. Phillips' burden is not heavy and is only a burden of production; the government retains at all times the burden of persuasion. *Id*. And yet the presumption itself never disappears from the Court's analysis. The Bail Reform Act's presumption in favor of detention in certain cases "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. (citations omitted). Therefore, a defendant facing the presumption in favor of detention must "present all the special features of his case" that take it outside "the congressional paradigm." *Id*. at 946.

The Court holds that Phillips has not produced evidence to make such a showing here and overcome the presumption in favor of detention. Phillips emphasizes his ties to the Western District of Tennessee, both his length of residence in the Memphis area, his familial and community ties, and his current employment. In considering the history and characteristics of a defendant, the Court analyzes the following factors:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3).

Phillips is a lifelong Memphian. In fact, Phillips resides with his mother in the same house he has lived in his entire life. Phillips has two minor children who also reside in Memphis with their respective mothers. Phillips is in a long-term relationship with another woman, and the couple is currently expecting a child.[3] Phillips provides support for his children and assists his mother in

---

[3] The pretrial services report names Phillips's long-term girlfriend but also states that

paying for household expenses. Phillips has a good work history, and up until his arrest in July 2018, Phillips had worked full-time with the IRS for over a year. The pretrial services officer reports that Phillips is or will be suspended indefinitely from his job and that his continued employment with the IRS may be subject to the outcome of these proceedings. These factors tend to show that Phillips has personal ties to the community and would not likely be a flight risk.

And yet other facets of Phillips' history and characteristics are much more troubling to the Court. Phillips criminal history, particularly his very recent criminal history, strongly suggests a danger to the community and weighs in favor of detention. Up until 2018, the only significant charge in Phillips' criminal history was possession of a controlled substance. That was in January 2011, now more than seven years ago. Phillips successfully completed a diversion program and had little or no contact with the legal system for years afterwards. But in 2018 Phillips' life took a different turn. In fact, in the four-month run up to his July 16 federal indictment, Phillips was charged with DUI (March 10), aggravated robbery and evading arrest (April 7), selling cocaine and possession of marijuana (May 16), and simple assault (May 24).[4] While the Court stresses that each charge was either dismissed or remains pending, the facts of the alleged offenses suggest a propensity for violence and recklessness, which was heretofore absent from Phillips' record.

For example, according to the police record of Phillips' April 7, 2018 arrest for aggravated robbery, Phillips was allegedly armed with a handgun and punched and kicked a victim in the face before robbing him. Phillips then fled the scene in a vehicle with two accomplices. During the ensuing police chase, Phillips' vehicle crashed. Police ultimately apprehended Phillips after

---

Phillips and a different woman, purportedly his girlfriend, were arrested on May 16, 2018.

[4] The pretrial services report indicates that arrest record for this offense showed an offense date of February 10, 2018, not May 24, 2018. The fact remains that the episode is part and parcel with Phillips' recent pattern of conduct.

pursuing him on foot into nearby woods. Police recovered a loaded 9mm handgun and an AR-15, cellphones, and cash. In connection with his arrest for selling drugs on May 16, 2018, Memphis police officers arrested Phillips at a residence where they found a handgun, crack cocaine, marijuana, a digital scale, and $1,068 in cash. Throughout 2018, much of Phillips' conduct occurred at times while Phillips was already on release of some kind pending the outcome of other proceedings against him. While the Court cannot say that Phillips has an extensive criminal background, the increasing frequency of Phillips' brushes with the law over the last few months and the nature of the charges is strongly indicative of dangerousness to others and the community at large.

Phillips' behavior is arguably consistent with his self-reports of daily drug abuse. By his own admission, Phillips has a drug problem. Phillips reported to pretrial services that he began to use drugs over thirty years ago at age 12. At the time of his arrest, Phillips was using marijuana laced with crack cocaine and other cannabinoids on a daily basis and occasionally abused prescription opioids. Taking Phillips' self-reported drug habit, the sharp escalation in his violent criminal conduct just this year, and the fact that much of his conduct occurred while he was awaiting the disposition of other charges, the Court finds that the evidence does not overcome the presumption in favor of detention. Therefore, the Court **AFFIRMS** the decision of the Magistrate Judge and orders that Phillips be detained pending the outcome of the charges against him.

Consistent with 18 U.S.C. § 3142(i), the Court directs that Phillips be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court further directs that Phillips be afforded reasonable opportunity for private consultation

with counsel and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Phillips is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: October 25, 2018.